89 F.3d 846
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eleuterio BENITEZ-MENDEZ, Defendant-Appellant.
 No. 96-30021.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1996.*
Decided July 9, 1996.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eleuterio Benitez-Mendez appeals his conviction following a jury trial on charges of conspiracy and distribution of cocaine. He submits that the district court erred by failing to grant his motion for judgment of acquittal. Our review is limited to determining whether, "viewing the evidence in the light most favorable to the government, no rational trier of fact could find beyond a reasonable doubt that the defendant is the person who committed the charged crime." United States v. Alexander, 48 F.3d 1477, 1490 (9th Cir.), cert. denied, 116 S.Ct. 210 (1995).
 
 
 3
 There is no question that the government proved the existence of a conspiracy to sell cocaine: an undercover officer made numerous purchases of cocaine from the conspirators. "Once the existence of a conspiracy is shown, the government need only prove a slight connection between the defendant and the conspiracy." United States v. Matta-Ballesteros, 71 F.3d 754, 765 (9th Cir.1995). If that burden is met, a conspirator is liable for all foreseeable substantive offenses committed in furtherance of the conspiracy. Id.
 
 
 4
 The jury heard the officer testify that Benitez-Mendez was present during some of the sales, and that he actively participated in those sales by locating the drugs, supplying baggies, counting the money, and serving as a lookout. The jury also heard tape-recorded conversations between Benitez-Mendez and the officer arranging for the sale of cocaine. Benitez-Mendez's contentions that he was not present at the sales or that it was not his voice on the telephone are not sufficient for us to reject the jury's verdict. The jury clearly chose to disbelieve Benitez-Mendez, and we are "bound to respect the exclusive province of the jury to determine credibility of witnesses." United States v. Quintero-Barraza, 78 F.3d 1344, 1352 (9th Cir.1995) (internal quotation omitted).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimouslyi finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3